**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSARIO RENTERIA, ) | NO. CV 16-152-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on January 7, 2016, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on February 24, 2016. Plaintiff filed a motion for summary judgment on June 14, 2016. Defendant filed a motion for summary judgment on July 11, 2016. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed January 11, 2016.

///
///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff sought disability insurance benefits, asserting she has been disabled ever since she fell at work in July of 2005 (Administrative Record ("A.R.") 39-47, 195). Plaintiff's last insured date was September 30, 2009 (A.R. 23, 199). The Administrative Law Judge ("ALJ") examined the documents in the record and heard testimony from Plaintiff and a vocational expert (A.R. 21-465). The ALJ found certain severe impairments, including "degenerative disc disease of the right knee" and "degenerative disc disease of the lumbar spine" (A.R. 23). The ALJ also found, however, that through at least September 30, 2009, Plaintiff retained the residual functional capacity to perform a limited range of light work (A.R. 23-24). The ALJ determined that this functional capacity would have permitted the performance of Plaintiff's past relevant work (A.R. 25). The Appeals Council denied review (A.R. 7-9).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

2

(1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

A social security claimant bears the burden of "showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

(9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff must prove her impairments prevented her from working for twelve continuous months. See Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986). Plaintiff "must demonstrate [she] was disabled prior to [her] last insured date." Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir. 1991); see 42 U.S.C. § 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. 404.131; see also Vertigan v. Halter, 260 F.3d 1044, 1047 (9th Cir. 2001); Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995) (where claimants apply for benefits after the expiration of their insured status based on a current disability, the claimants "must show that the current disability has existed continuously since some time on or before the date their insured status lapsed"). Substantial evidence supports the conclusion Plaintiff failed to carry her burden in this case.

Significantly, no physician opined Plaintiff was totally disabled prior to her last insured date. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990).

During the worker's compensation proceedings following Plaintiff's fall, two physicians who examined Plaintiff opined she was capable of performing at least light work (A.R. 278, 294-95). The opinion of an examining physician can provide substantial evidence to

support an administrative conclusion of non-disability. See, e.g., Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007).

State agency physicians reviewed the records and opined that Plaintiff was not disabled as of September 30, 2009 (A.R. 57-58, 63-65, 71-73). These opinions also support the administrative decision. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record" an ALJ properly may rely on these opinions); Curry v. Sullivan, 925 F.2d at 1130 n.2.

The results of medical testing also tended to support the administrative decision. Examination and testing in late 2005 showed Plaintiff possessed an essentially full range of motion (A.R. 285-87). Electrodiagnostic studies in 2005 and MRIs in 2006 were generally consistent with the administrative findings (A.R. 292).

Some of Plaintiff's own actions and statements also supported the administrative findings. For example, in 2006, Plaintiff subjectively reported only "slight" pain to an examining physician (A.R. 323). Plaintiff testified that she looked for work during the period of claimed disability (A.R. 46-47). The fact that a disability claimant sought employment during the period of claimed disability can weigh against a finding of disability. See Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009); see also Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (claimant's job search efforts discredited his allegations of disability).

///

1     The vocational expert testified that a person with the residual
2 functional capacity the ALJ found to exist could perform Plaintiff's
3 past relevant work (A.R. 49-50, 51). The ALJ properly could rely on
4 this testimony in denying disability benefits. See Barker v.
5 Secretary of Health and Human Services, 882 F.2d 1474, 1478-80 (9th
6 Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

8     To the extent any of the medical evidence is in conflict, it was
9 the prerogative of the ALJ to resolve such conflicts. See Lewis v.
10 Apfel, 236 F.3d 503, 509 (9th Cir. 2001). When evidence "is
11 susceptible to more than one rational interpretation," the Court must
12 uphold the administrative decision. See Andrews v. Shalala, 53 F.3d
13 at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.
14 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The
15 Court will uphold the ALJ's rational interpretation of the evidence in
16 the present case notwithstanding any conflicts in the record.

18     To the extent Plaintiff attempts to rely on her subjective
19 complaints, such complaints furnish insufficient cause to disturb the
20 administrative decision. First, even taking Plaintiff's complaints at
21 face value would not necessarily prove Plaintiff suffered from pain of
22 disabling severity for twelve continuous months prior to the
23 September 30, 2009 expiration of her insured status. As previously
24 indicated, Plaintiff sometimes reported the pain as "slight." When
25 asked at the administrative hearing to recount her functional capacity
26 as of her date last insured, she proved unwilling or unable to do so
27 (A.R. 42). Plaintiff testified she did not go back to work because "I
28 have pain," "I am limited" and "I wasn't well" (A.R. 41, 47).

Plaintiff's testimony regarding the nature and timing of her alleged pain and functional difficulties was far too vague to help carry her burden of proof.

Moreover, assuming <u>arguendo</u> Plaintiff's subjective complaints, if credible, could support a conclusion of disability as of September 30, 2009, the ALJ properly discounted Plaintiff's credibility. An ALJ's assessment of a claimant's credibility is entitled to "great weight." <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1124 (9th Cir. 1990); <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. <u>See</u> <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th Cir. 2010); <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>but see</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[2] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. <u>See, e.g.</u>, <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1136-37 (9th Cir. 2014); <u>Chaudhry v. Astrue</u>, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); <u>Molina v. Astrue</u>, 674 F.3d 1104, 1112 (9th Cir. 2012); <u>see also</u> <u>Ballard v. Apfel</u>, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p. As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

The ALJ stressed the "objective medical evidence" while evaluating Plaintiff's alleged symptoms (A.R. 24). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ properly could infer from the medical evidence that Plaintiff's problems on and before her last insured date were not as profound as Plaintiff apparently now alleges.

The ALJ also accurately noted that "there is very little evidence of treatment prior to September 30, 2009" and "the claimant was vague regarding any symptoms or treatment prior to her date last insured (September 30, 2009)" (A.R. 24; see also A.R. 25 ("Again, she was vague regarding any treatment or symptoms prior to her date last insured . . .")). Both of these considerations support the ALJ's discounting of Plaintiff's credibility. An unexplained failure to seek medical treatment consistently, or evidence of minimal medical treatment, may discredit a claimant's allegations of disabling symptoms. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004);

Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995); accord Bunnel v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-604 (9th Cir. 1989). An ALJ properly may discount a claimant's credibility based on the vagueness of the claimant's testimony. See, e.g., Catalano v. Astrue, 302 Fed. App'x 601, 602-03 (2008); Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ also contrasted Plaintiff's claimed need for a Spanish interpreter with Plaintiff's admissions she had studied English and had taken the United States citizenship test in English (A.R. 25). Plaintiff argues that the ALJ thereby erred, citing Voong v. Astrue, 641 F. Supp. 2d 996, 1008 (E.D. Cal. 2009). In Voong, the Eastern District of California found error where an ALJ relied on a claimant's ability to pass a citizenship test as evidence of the claimant's supposed English language proficiency. In Voong, however, the claimant had testified she "memorized the answers to the citizenship test," thereby explaining the seeming inconsistency between passing the test and claiming an inability to understand English. Plaintiff in the present case offered no such explanation.

In any event, assuming arguendo the ALJ should not have questioned Plaintiff's claimed need for a Spanish interpreter, the error was harmless. Despite the invalidity of one or more of an ALJ's stated reasons for discounting a claimant's credibility, a court properly may uphold the credibility determination where sufficient valid reasons have been stated. See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008). In the present case, the ALJ

```
 1  stated sufficient valid reasons to allow this Court to conclude that
 2  the ALJ discounted Plaintiff's credibility on permissible grounds.
 3  See Moisa v. Barnhart, 367 F.3d at 885.  The Court therefore defers to
 4  the ALJ's credibility determination.  See Lasich v. Astrue, 252 Fed.
 5  App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's
 6  credibility determination when the proper process is used and proper
 7  reasons for the decision are provided); accord Flaten v. Secretary of
 8  Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[3]
 9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
```

---

[3] The Court does not determine herein whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 22, 2016.

                                    /S/
                              CHARLES F. EICK
                        UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).

11